Ted **HAYES**, Plaintiff–Appellant,

v.

**PHOENIX–TALENT SCHOOL DISTRICT NO. 4, Defendant–Appellee.**

No. 89–35027.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 1989.

Decided Jan. 8, 1990.

**236**

Larry O. Gildea, Eugene, Or., for plaintiff-appellant.

Joe B. Richards, Eugene, Or., for defendant-appellee.

Before WRIGHT, TANG, and FERNANDEZ, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider whether Ted Hayes suffered a violation of his right to due process when he was dismissed from his probationary teaching job. He brought an action against the Phoenix–Talent School District, seeking damages and injunctive relief under 42 U.S.C. § 1983 and the fifth and fourteenth amendments. The district court dismissed his claim on a motion for summary judgment. We AFFIRM.

## I. FACTS

In July 1985, Hayes was appointed principal of an elementary school in the District for a probationary term of one year under a renewable contract. He received a favorable evaluation his first year and his contract was renewed for 1986–87. Both contracts were subject to the procedures set out in Or.Rev.Stat. § 342.835 and § 342.845. The statutes provide that the district may dismiss a probationary teacher at any time for any cause considered in good faith by the board. The statutes further provide that the teacher be given a copy of the reasons for dismissal and *upon request* be granted a hearing by the board.

In February 1987, he was evaluated by Superintendent Diamond. In a letter to Hayes, Diamond indicated that several board members were concerned with Hayes' leadership style but stated that renewal would be recommended. The District, however, did not renew his contract.

The Superintendent notified Hayes that his contract had not been renewed, enclosed a copy of the applicable statutes, and asked Hayes to advise him if he wished to take advantage of the statutory provisions. Hayes' attorney then wrote to the board that he considered Hayes' contract to have been renewed by operation of law, but did not request reasons or a hearing.

In reaction to the claim that Hayes' contract had been renewed by operation of law, the District decided to dismiss him. On April 27, Hayes was notified that his dismissal would be considered at a meeting on April 28. At the meeting, several parents spoke on his behalf. At his request, the board then went into a non-public executive session.

When the board resumed the public meeting it voted to dismiss Hayes. It gave him a letter giving the reasons for his dismissal, but did not publicly disclose them. On April 30, he was formally notified of his dismissal and his right to a hearing upon request. He was relieved of his duties as of May 1, 1987. The District continued his salary and benefits through the contract term.

Hayes never requested a post-termination hearing, and instead filed this action on October 27, 1987. The district court determined that the dismissal had implicated Hayes' liberty interest in his reputation, but granted the District's summary judgment motion because he had been provided due process.

## II. ANALYSIS

After reviewing de novo the district court's granting of summary judgment, *T.W. Elec. Serv. v. Pacific Elec. Contractors*, 809 F.2d 626, 629 (9th Cir.1987), we affirm on different grounds. *Fidelity Financial Corp. v. Federal Home Loan Bank*, 792 F.2d 1432 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987) (appellate court may affirm on any grounds fairly supported by the record).

Hayes argues on appeal that the court erred in granting summary judgment against him because there were genuine issues of material fact as to the sufficiency of the due process afforded him prior to his dismissal. We do not reach that issue,

however, because we find the dismissal failed to implicate a liberty interest.

The requirements of procedural due process apply only where there exists a deprivation of interests encompassed by the life, liberty and property clause of the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Dismissal from government employment may implicate a liberty interest in reputation if the dismissal is for dishonesty, moral turpitude, or other reasons bearing such stigmata as might foreclose other employment opportunities. *Roley v. Pierce County Fire Protection Dist. No. 4,* 869 F.2d 491, 495 (9th Cir.1989) (citing *Board of Regents v. Roth, supra* ). Mere dismissal, without such stigmata, is insufficient to implicate such an interest. *Clemente v. United States,* 766 F.2d 1358, 1365 (9th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 881, 88 L.Ed.2d 917 (1986).

Hayes' dismissal was not subject to procedural due process requirements because it implicated no liberty interest. The record reflects no publicized charges of moral turpitude or dishonesty made by the District in its dismissal of him. Indeed, the reasons given in the District's letter to Hayes amount to dismissal for incompetence, inability to relate well with others, and lack of tact. Even had the reasons in the letter amounted to stigmatizing charges, it would be irrelevant because the District did not disclose the reasons to the public. *Kraft v. Jacka,* 872 F.2d 862, 870 (9th Cir.1989). Hayes submitted an affidavit by a high school principal stating that the early dismissal of Hayes implied that moral turpitude had been involved. An inference drawn from dismissal alone, however, is insufficient to implicate a liberty interest. *Id.*

### III. CONCLUSION

Hayes was dismissed for good reasons amounting to incompetence and an inability to get along with others. It would stretch the concept of "liberty" too far to suggest that a person dismissed for these reasons was deprived of a liberty interest when he

remains as free as before to seek another job. *Board of Regents v. Roth,* 408 U.S. at 575, 92 S.Ct. at 2708. As we conclude Hayes' dismissal implicated no liberty interest, we do not reach the question of whether he was afforded due process. The school district's request for attorney fees under 42 U.S.C. § 1988 and Fed.R.App.P. 39 is DENIED.

AFFIRMED.