959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GREEN MOUNTAIN BOWLING CENTER, LTD., a Colorado limited
partnership; and Green Mountain Bowl, Inc., a
Colorado corporation, Plaintiffs-Appellants,
v.
BRUNSWICK CORPORATION, a Delaware corporation, Defendant-Appellee.
 No. 91-1124.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1992.
 
 Before STEPHEN H. ANDERSON and TACHA, Circuit Judges, and COOK, Senior District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Green Mountain Bowling Center, Ltd. and Green Mountain Bowl, Inc. (collectively referred to as Green Mountain) appeal from two judgments entered by different district judges. The first judgment was in the form of an order, dated November 23, 1988, that granted defendant's motion for summary judgment on plaintiffs' claims of fraud, negligent misrepresentation, and breach of fiduciary duty. The second judgment was in the form of a directed verdict dismissing plaintiffs' remaining claims for breach of contract. We affirm.
 
 
 2
 We review summary judgment orders de novo, using the same standards the district court applies. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We review directed verdicts under essentially the same "genuine issue" standard applied in the summary judgment context, including the principle that the court's inquiry must be guided by the subsidiary evidentiary standards that apply to the case. Id. at 251-52, 254-55.
 
 
 3
 On April 14, 1983, plaintiffs and defendant entered into a contract referred to as the Equipment Order. Pursuant to this contract, defendant agreed to deliver, and plaintiffs agreed to buy, equipment necessary to construct a bowling center. In addition, defendant agreed to perform a market survey to determine the feasibility of the project. The contract provided that "[i]f the bowling center fails to materialize, all except $1,500.00 (for the Market Survey) of the deposit moneys will be returned." Later, pursuant to the contract, defendant provided the equipment for the bowling center. Defendant also performed the market survey and provided plaintiffs with financial projections on three different occasions.
 
 
 4
 In 1984 and 1985, the parties had a dispute regarding the adequacy of the bowling equipment provided by defendant. After negotiating a settlement in which plaintiffs received a sum of money, parts, and supplies, the parties executed a Release Agreement dated October 2, 1985. The Agreement provided, in part, as follows:
 
 
 5
 Green Mountain, for itself, its successors and assigns, does hereby release and forever discharge Brunswick, its successors, assigns and its directors, officers, agents and employees from all claims, demands and causes of action that Green Mountain may now have arising out of, directly or indirectly, the [Equipment] Order.
 
 
 6
 In 1987, after being disappointed with the performance of their bowling center, plaintiffs brought this lawsuit. All of their claims stem from the financial projections provided by defendant. Defendant contends that these claims are barred by the Release Agreement. Plaintiffs, on the other hand, claim that the Release does not bar their claims because defendant performed the financial projections pursuant to a separate oral agreement, and not pursuant to the Equipment Order. Therefore, we must first determine whether--when viewing the evidence in the light most favorable to plaintiffs--the projections were part of a contract separate from the Equipment Order. We conclude that the projections were not performed as part of a separate contract.
 
 
 7
 Plaintiffs contend that they presented sufficient evidence of a separate contract to justify making the question one for the jury. We are unable to find such evidence in the record. In fact, Green Mountain representative Tom Hartley--testifying on Green Mountain's behalf--clearly stated that any right to have defendant perform financial projections arose from the signing of the Equipment Order. In addition, counsel for plaintiffs--in responding to questions from the district court--conceded that the financial projections were part of the Market Survey and, thus, were part of the entire package received by plaintiffs pursuant to the Equipment Order. In short, we conclude that none of the evidence plaintiffs point to raises a genuine factual issue.
 
 
 8
 Having concluded that the financial projections were part of the Equipment Order, we must determine whether the Release Agreement applies to bar plaintiffs' claims related to the financial projections. We agree with the district court's legal conclusion, based on Colorado law, that the broad release language applies to bar plaintiffs' claims even if those claims were not known at the time the parties executed the Release Agreement. See Goff v. Boma Inv. Co., 181 P.2d 459, 462 (Colo.1947); Mountain Stone Co. v. H.W. Hammond Co., 564 P.2d 958, 961 (Colo.App.1977). Accordingly, we AFFIRM the district court's entry of a directed verdict on plaintiffs' breach of contract claims. In addition, we AFFIRM the district court's earlier grant of summary judgment dismissing plaintiffs' tort claims, albeit on different grounds. See Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988) ("we are 'free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court' ") (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987)); Hayes v. Phoenix-Talent Sch. Dist. No. 4, 893 F.2d 235, 236 (9th Cir.1990) (appellate court may affirm district court's grant of summary judgment on different grounds which are supported by the record).
 
 
 
 *
 The Honorable H. Dale Cook, Senior District Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3