835 P.2d 670

**Colleen HUGHES, Plaintiff–Appellant,**

v.

**IDAHO STATE UNIVERSITY,
Defendant–Respondent.**

**No. 19079.**

Court of Appeals of Idaho.

July 28, 1992.

Green, Service, Gasser & Kerl, Pocatello, for plaintiff-appellant. Steven V. Richert, argued.

Jones, Christensen, Jorgensen, Robison, Holmes & Robison, Pocatello, for defendant-respondent. Jesse C. Robison, argued.

SWANSTROM, Judge.

Colleen Hughes, an associate professor of nursing employed by Idaho State University (ISU), brought an action against ISU seeking relief for breach of contract and breach of an implied duty of good faith and fair dealing. The parties filed cross motions for summary judgment and presented argument to the district court. The court granted summary judgment in favor of ISU, dismissing Hughes' complaint, after determining that no genuine issue of fact existed to be submitted to a jury. Hughes has appealed. We affirm the summary judgment.

The undisputed facts relative to Hughes' employment with ISU are as follows. Hughes first entered into a contract to teach nursing in the ISU graduate program in 1986. She accepted the employment with the express understanding that her contract obligations would be discharged in Boise and Twin Falls rather than at ISU in Pocatello. She was hired on "non-tenured" status. Her first contract of employment, and that of each successive year, was for a term of one year, consistent with the policies and procedures of the Idaho State Board of Education and the ISU Employment Manual.

Hughes continued on non-tenured, probationary status. Following an evaluation of her job performance in May of 1989, Hughes learned of her superior's recommendation that she be reassigned to the Pocatello campus for closer supervision during the upcoming academic year. Hughes rejected reappointment to Pocatello and thereafter received notice of the non-renewal of her contract. Hughes signed a 1989–1990 contract, which stated on its face that it was a "terminal" contract, which would not be renewed. She had received the appropriate one-year notice before the expiration of her appointment, and she was allowed to fully perform her 1989–1990 contract in Boise.

The district court issued summary judgment in favor of ISU after concluding that ISU's refusal to renew Hughes' contract did not constitute a violation of her contract rights. The court construed the parties' understanding as requiring only that Hughes be allowed to teach in Boise during the term of her contract, which she was allowed to do. The court stated that the parties' understanding could not be construed as an offer of perpetual employment in Boise in view of the specific language of the successive contracts which limited their terms to one year. As to Hughes' claim that ISU breached an implied covenant of good faith and fair dealing by dismissing her, the court concluded that the parties' contract, including the rules and procedures which are incorporated by reference, was not overridden by an implied covenant of good faith, did not violate public policy and was binding on the parties.

■ We begin by enunciating our standard of review for summary judgment. Summary judgment is appropriate if there is no genuine issue of material fact after the pleadings, depositions, admissions, and affidavits have been construed in a light most favorable to the opposing party. I.R.C.P. 56(c); *Kugler v. Drown*, 119 Idaho 687, 689, 809 P.2d 1166, 1168 (Ct.App.1991). On appeal, we exercise free review in determining whether a genuine issue of mate-

rial fact exists. *Id.* The motion must be denied "if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable [people] might reach different conclusions." *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1986), *citing Ashby v. Hubbard,* 100 Idaho 67, 69, 593 P.2d 402, 404 (1979).

Hughes asserts that questions of fact exist as to the intent of the parties regarding the terms of her employment contract, therefore, the court erred in granting summary judgment on ISU's motion. Hughes asserts that she successfully negotiated with ISU to have Boise as the location where her contract would be performed. According to contract principles, she argues, the Boise situs became a term of her contract, which could not later be modified unilaterally by ISU. Hughes also contends that the Boise situs was a limitation on ISU's right to dismiss her. Therefore, she argues that when ISU cited her refusal to relocate to Pocatello as the basis for not renewing her teaching contract, ISU breached its contract with her.

 The premise of Hughes' breach of contract claim is that she negotiated and entered into but one contract of employment with ISU, which was continued year after year, reflecting only incremental increases in her salary for the current academic year. The record, however, does not support this argument. Hughes' initial contract, and each contract after the 1986–1987 contract, was subject to the rules, policies and procedures of the State Board of Education. Pursuant to the ISU Handbook, no contract of employment with a non-tenured or non-classified, salaried employee may exceed one year without prior approval of the Board. We must conclude, as did the court below, that Hughes, as a non-tenured professor, was employed under a series of one-year term contracts. Although there is no mention of the Boise situs in the contracts, the record indicates that Hughes performed her teaching duties in Boise and Twin Falls as the parties had agreed. There is no evidence that ISU failed to discharge its obligations under the contracts, that is, to provide employment in Boise during the term of each of Hughes' contracts and to compensate Hughes in accordance with the contract in force. As was the case with the terminal 1989–1990 contract, Hughes was allowed to fully perform in Boise through the expiration of the term of the contract.

Breach of contract is defined as:

[f]ailure, without legal excuse to perform any promise which forms the whole or part of a contract. Prevention or hindrance by party to contract of any occurrence or performance requisite under the contract for the creation or continuance of a right in favor of the other party or the discharge of a duty by him. Unequivocal, distinct and absolute refusal to perform agreement.

BLACK'S LAW DICTIONARY 188 (6th ed. 1990). Hughes has not shown any action by ISU which could be interpreted as a breach of contract. ISU's decision not to renew Hughes' contract at the end of the 1989–1990 term is not the equivalent of a breach. "A contract of employment for a definite period terminates by its own terms at the end of such period." 56 C.J.S. *Master and Servant* § 30 (1948). Consequently, Hughes' attempt to equate the termination of her employment with a breach of the contract is untenable. Because her employment terminated due to the express terms of the contract, she was not wrongfully discharged, and there was no breach. Accordingly, Hughes is not entitled to the contract remedies of reinstatement and damages which she seeks in this action. *Compare Hale v. Walsh,* 113 Idaho 759, 747 P.2d 1288 (Ct.App.1987).

Hughes argues that the parties to an employment contract may agree to limit the employer's power to terminate the employee. By acceding to her condition that Boise would be the situs of her employment with ISU, Hughes asserts that ISU gave up its right to terminate her employment on grounds related to her unwillingness to relocate and work in Pocatello. Hughes contends that it was a breach of contract for ISU to cite her refusal to relocate as the basis for not renewing her

contract. We find this argument equally unavailing.

◼ Unless an employee is hired pursuant to a contract which specifies the duration of employment, or a contract which limits the reasons for which an employee may be discharged, an employer may terminate the employment at will for any reason. *Metcalf v. Intermountain Gas Co., supra,* 116 Idaho 622, 625, 778 P.2d 744, 747 (1989), *citing MacNeil v. Minidoka Memorial Hospital,* 108 Idaho 588, 701 P.2d 208 (1985). Such a limitation of the right of the employer to terminate the employment relationship can be express or implied. *Metcalf v. Intermountain Gas Co., supra,* 116 Idaho at 633, 778 P.2d at 755, *citing Harkness v. City of Burley,* 110 Idaho 353, 356, 715 P.2d 1283, 1286 (1986).

In the case of Hughes' employment, we have determined that she was employed for a fixed term of one year and that she was not discharged. We have also determined that Hughes received the notice of non-renewal provided for in the Idaho State Board of Education Policy Manual which governed her employment contract. The notice of non-renewal was in compliance with ISU's obligations under the contract. We reiterate that the decision of ISU not to renew Hughes' contract did not violate any terms of the contract so as to establish an invasion of Hughes' rights. *Loebeck v. Idaho State Board of Education,* 96 Idaho 459, 530 P.2d 1149 (1975). *See also Machunze v. Chemeketa Community College,* 106 Or.App. 707, 810 P.2d 406 (1991) (non-renewal of contract of probationary employee, under successive one-year contracts, where employee's argument pointing only to her own subjective perception that she would be employed as long as she did her work satisfactorily was contrary to the clear language of her contract and handbook). Our review of the evidence presented upon summary judgment supports the district court's conclusion that ISU did not in any way breach Hughes' contract of employment.

◼ Hughes' final argument is that the district court erred in concluding that no genuine issue of material fact existed to establish her claim that ISU, in discharging her, breached the implied-in-law covenant of good faith and fair dealing, recognized in *Metcalf v. Intermountain Gas Co. supra.* Hughes asserts that the district court improperly relied on *Clement v. Farmers Insurance Exchange,* 115 Idaho 298, 766 P.2d 768 (1988), which holds that the express written contract term authorizing termination is not overridden by an implied covenant of good faith and fair dealing which would supplant the express language of the contract and permit termination only upon good cause. Hughes contends that *Metcalf,* which was decided after *Clement,* required the district court to give effect to the implied covenant as an additional term of the contract.

We note, however, that Hughes' analysis does not take into account that *Metcalf* adopted the implied covenant of good faith and fair dealing in the employment-at-will contract. Hughes' contract was not at-will. Furthermore, as stated in *Metcalf,* "the covenant protects the parties' benefits in their employment contract or relationship, and that any action which violates, nullifies or significantly impairs any benefit or right which either party has in the employment contract, whether express or implied, is a violation of the covenant...." 116 Idaho at 627, 778 P.2d at 749. Viewing the record as a whole, we are convinced that Hughes received all of the benefits promised her under her terminal contract. The holding of *Clement v. Farmers Insurance Exchange, supra,* was not overruled by *Metcalf;* accordingly, the court below properly required that ISU adhere only to the contract provisions setting forth procedures for termination, or non-renewal, of Hughes' employment.

In conclusion, we affirm the summary judgment granted to ISU. We decline to award attorney fees. Pursuant to I.A.R. 40, we award costs to respondent.

WALTERS, C.J., and SILAK, J., concur.