851 P.2d 967

**J.C. WILLIAMS and Carol Williams, husband and wife, Plaintiffs–Appellants,**

v.

**COMPUTER RESOURCES, INC., an Idaho corporation; and Scott Roberts, Defendants–Respondents.**

**No. 19771.**

Supreme Court of Idaho,
Boise, February 1993 Term.

April 28, 1993.

Weston & Richardson, Boise, for plaintiffs-appellants. Richard E. Weston argued.

Martelle Law Offices, Boise, for defendants-respondents. Martin J. Martelle argued.

JOHNSON, Justice.

This is an employment case. The trial court granted summary judgment dismissing the employee's breach of contract claim on the ground that the employment contract established only an at-will employment relationship. We hold that the employment contract between the parties is ambiguous and that there is a genuine issue of material fact precluding summary judgment.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

J.C. Williams was working as a computer programmer in Alaska when he contacted Computer Resources, Inc. (CRI) concerning potential employment. CRI is a company that supplies computer programmers to businesses on a contract basis. In late March, 1990, Scott Roberts, CRI's marketing director, contacted Williams and discussed with Williams possible employment with CRI. Roberts arranged for Williams to interview with Boise Cascade, Corp., one of CRI's clients. In early April 1990, Roberts telephoned Williams and extended him an offer of employment to work for CRI at Boise Cascade.

Roberts mailed Williams a letter dated April 13, 1990. The letter stated that it was sent to confirm the offer of employment made over the telephone and that the letter constituted the employment agreement between the parties. The letter also set out at least some of the terms of employment and requested Williams to sign and return the letter to CRI, which Williams did on April 27, 1990.

Williams was to begin work at Boise Cascade on June 4, 1990. In May 1990, Williams and his family moved to Boise, Idaho. On May 24, 1990, Williams arrived at CRI's office for what CRI termed an "orientation meeting" and to fill out "some necessary paperwork." At this meeting CRI presented Williams a packet of information that included a "no-compete/confidentiality agreement."

Williams refused to sign CRI's "no-compete/confidentiality agreement." Williams persisted in his refusal even though Roberts offered to work with Williams to reach an acceptable agreement and to pay for at least one hour of an attorney's time, if Williams wanted to obtain advice from independent counsel. Williams has admitted that he knew from prior work with Boise Cascade that Boise Cascade required all employees to sign a confidentiality agreement. Despite this, Williams claimed he was not required to renegotiate the terms of his employment contract with CRI. When Williams continued to refuse to sign CRI's "no-compete/confidentiality agreement," CRI terminated him.

Williams sued CRI and Roberts, alleging that CRI breached its employment contract with Williams. Williams also claimed reliance damages, and punitive damages under I.C. § 6–1604.

The trial court dismissed the claim for punitive damages. CRI moved for summary judgment on all remaining issues. The trial court granted summary judgment, ruling that regardless of whether an employment contract existed between the parties, Williams was an employee at will, because the agreement did not contain a term of specific duration and because there was no evidence of an implied limitation on CRI's right to terminate Williams. The trial court concluded that because there was no breach of the employment contract, Williams could not maintain an action for reliance damages. The trial court also concluded that Williams could not maintain an action in tort against Roberts.

## II.

## THERE IS A GENUINE ISSUE OF MATERIAL FACT WHETHER WILLIAMS WAS AN AT–WILL EMPLOYEE.

█ Williams asserts that the trial court should not have granted summary judg-

ment, because there is a genuine issue of material fact whether any employment contract between Williams and CRI established that Williams was employed by CRI for a specific period of time. We agree.

We note that the trial court ruled that, viewing the circumstances in the light most favorable to Williams, there was a valid and enforceable employment contract between CRI and Williams evidenced in the letter sent to Williams by CRI and signed by Williams.

In finding Williams was an at-will employee, the trial court, in essence, found that the terms of the April 13, 1990 letter were unambiguous regarding employment for a specific duration. Recently, the Court has reiterated its standard of review of a trial court's decision concerning ambiguity:

> The determination of whether a contract is ambiguous or not is a question of law over which we may exercise free review, and in determining whether a contract is ambiguous, our task is to ascertain whether the contract is reasonably subject to conflicting interpretation.

*Bondy v. Levy*, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992) (citations omitted).

As we read the agreement, it is reasonably subject to conflicting interpretations. There is some indication in the letter that the parties intended the employment contract to be for a definite period of time. Williams points to the following statements in the letter as evidence of the parties' intent to create a one-year contract: (1) Williams's "yearly" salary would be $35,000.00; (2) raises would be based on performance and determined only after "yearly" performance reviews; and (3) CRI "looked forward to a long term commitment toward each other." In our view, these statements, when reading the letter as a whole, create an ambiguity whether CRI and Williams intended to enter an employment contract for a specific period of time.

Because the contract is ambiguous, it is necessary to look to extrinsic evidence in order to interpret the parties' intent. In their affidavits submitted in support of and in opposition to summary judgment, CRI and Williams presented conflicting extrinsic evidence concerning the intended duration of the employment contract.

CRI argues that the trial court was allowed to make reasonable inferences to support its summary judgment, because Williams did not request a jury trial. CRI cites *Riverside Dev. Corp. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982), as authority for this position. *Riverside*, however, does not apply to the circumstances in this case.

In *Riverside*, the Court held that a trial court is allowed to draw the inferences it would be allowed to draw from the evidence at trial, if the trial court is the trier of fact and if the parties have filed cross motions for summary judgment on the same issues and legal theories, negating any genuine issue of material fact. *Id.* at 519, 650 P.2d at 661. This case, however, involves a contested summary judgment motion, not cross motions, as in *Riverside*.

Because there is a genuine issue of material fact concerning the parties' intent with regard to the duration of Williams's employment, the trial court should not have granted summary judgment.

## III.

### CONCLUSION

We reverse the summary judgment and remand the case to the trial court for further proceedings.

We decline the invitation to address other issues presented on appeal, because they are not necessary to our disposition of the appeal.

We award costs, but not attorney fees, on appeal to Williams.

McDEVITT, C.J., BISTLINE and TROUT, JJ., and FULLER, J., Pro Tem, concur.