34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John VAN DYKE, Plaintiff-Appellant,
v.
EAST SHOSHONE HOSPITAL DISTRICT, et al.; John F. Cowley, in
his individual capacity, Defendants-Appellees.
 No. 93-35712.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1994.*
Decided Aug. 26, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges, and REAL, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 John L. Van Dyke appeals the entry of summary judgment denying his due process and state law claims against East Shoshone Hospital District and John F. Cowley. Van Dyke was the administrator of the hospital and was terminated after he fell from grace with the board. We affirm.
 
 A. Breach of Contract
 
 4
 Van Dyke's employment contract unambiguously provided for nonrenewal of his contract upon notice and without cause. See Clement v. Farmers Ins. Exch., 766 P.2d 768, 770 (Idaho 1988); Hughes v. Idaho State Univ., 835 P.2d 670, 672-73 (Idaho Ct.App.1992). Any inconsistent term in the hospital personnel policy manual could not be implied in derogation of the express terms of the contract. See Wooden v. First Sec. Bank, 822 P.2d 995, 998 (Idaho 1991). Evidence of the parties' intent was irrelevant because the contract was not ambiguous. See United States v. Fowler, 913 F.2d 1382, 1388 (9th Cir.1990) (applying Idaho law); Williams v. Computer Resources, Inc., 851 P.2d 967, 969 (Idaho 1993). Because the contract unambiguously provided for nonrenewal upon notice and it is undisputed that notice was proper, defendants did not breach the contract. See Hughes, 835 P.2d at 672-73. The nonrenewal of employment after the expiration of a specified term is not a discharge and cannot be wrongful. See id. at 672-73.
 
 
 5
 The hospital board's press release, its decision to place Van Dyke on administrative leave, and the denial of grievance procedures did not violate the contract either. Van Dyke was subject to the directives of the board and the grievance procedure was inapplicable. See Jackson v. Minidoka Irrigation Dist., 563 P.2d 54, 58 (Idaho 1977). The summary judgment evidence did not indicate that the hospital shared Van Dyke's misunderstanding of the meaning of the contract so there is no genuine fact issue as to mutual mistake. See Fowler, 913 F.2d at 1389; Mutual of Enumclaw Ins. Co. v. Wood By-Prods., Inc., 695 P.2d 409, 411 (Idaho Ct.App.1984). Van Dyke's claim that the employment contract was void was not raised in the district court, so we do not address it. See, e.g., Han v. United States, 944 F.2d 526, 527 n. 1 (9th Cir.1991).
 
 B. Breach of the Implied Covenant
 
 6
 The implied covenant of good faith and fair dealing "does not create a duty for the employer to terminate the employee only for good cause." Metcalf v. Intermountain Gas Co., 778 P.2d 744, 749 (Idaho 1989); see Clement, 766 P.2d at 770; Hughes, 835 P.2d at 673. Thus, the nonrenewal of Van Dyke's contract did not violate the covenant. No breach of good faith occurred because of any failure to comply with provisions of the personnel manual which were inconsistent with the contract. See Wooden, 822 P.2d at 998. Because the covenant of good faith "is implied in contracts," actions by board members which did not violate the contract or impair any contract benefit did not violate the implied covenant. See Metcalf, 778 P.2d at 748 (emphasis in original).
 
 C. Section 1983
 
 7
 To state a claim for violation of procedural due process, Van Dyke must demonstrate that he had a property interest in continued employment under Idaho law. See Hollister v. Forsythe, 22 F.3d 950, 951 (9th Cir.1994). Van Dyke points to no provision of Idaho law which creates a property interest in renewal of the contract or in continued employment by the hospital. See Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1314-16 (9th Cir.1984); Metcalf, 778 P.2d at 746; Watson v. Idaho Falls Consol. Hosp., Inc., 720 P.2d 632, 635 (Idaho 1986). Even if Van Dyke did have a property interest in not being placed on administrative leave without cause, the notice and hearings provided were more than adequate to insure that a proper decision was made. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-46, 105 S.Ct. 1487, 1493-95, 84 L.Ed.2d 494 (1985); Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).
 
 
 8
 Dismissal from government employment for reasons of incompetence or inability to get along with others does not implicate a liberty interest even if the charges are unfair or untrue. See, e.g., Portman v. County of Santa Clara, 995 F.2d 898, 907-08 (9th Cir.1993); Hayes v. Phoenix-Talent Sch. Dist. No. 4, 893 F.2d 235, 237 (9th Cir.1990); Roley v. Pierce County Fire Protection Dist. No. 4, 869 F.2d 491, 495-96 (9th Cir.1989); Loehr, 743 F.2d at 1317-19. None of the reasons given for nonrenewal of the contract or for placing Van Dyke on administrative leave implicated a liberty interest. Finally, we have not recognized a substantive due process right in the area of public employment which is separate from a property right in the job. See Portman, 995 F.2d at 908.
 
 D. State Law Claims
 
 9
 Although the publicity surrounding Van Dyke's departure from the hospital was surely personally embarrassing, the disclosure of information was not an invasion of privacy because it related to Van Dyke's performance of the duties of a public office and was not particularly offensive. See Baker v. Burlington N., Inc., 587 P.2d 829, 832-33 (Idaho 1978). As acting chief of a hospital owned and operated by a government entity, Van Dyke was a public figure with respect to statements related to his job performance. See Crane v. The Arizona Republic, 972 F.2d 1511, 1524-25 (9th Cir.1992). The summary judgment evidence was insufficient to show that defendants acted with knowledge of falsity or with reckless disregard for the truth or falsity of allegedly defamatory statements. See Masson v. New Yorker Magazine, Inc., 501 U.S. 496, ----, 111 S.Ct. 2419, 2429-30, 115 L.Ed.2d 447 (1991). Defendants' conduct was not so outrageous and extreme that it gave rise to liability for intentional infliction of emotional distress. See Holmes v. Union Oil Co., 760 P.2d 1189, 1197 (Idaho Ct.App.1988). It was no worse than what could be expected in a falling out between a board and a CEO. Finally, no physical injury was shown, so a claim for intentional infliction of emotional distress could not succeed. See Evans v. Twins Falls County, 796 P.2d 87, 95 (Idaho 1990), cert. denied, 498 U.S. 1086, 111 S.Ct. 960, 112 L.Ed.2d 1048 (1991); Czaplicki v. Gooding Joint Sch. Dist., 775 P.2d 640, 646 (Idaho 1989).
 
 
 10
 E. Motion for Protective Order and Motion to Strike
 
 
 11
 Van Dyke has not described the information sought by a second round of discovery requests which were quashed, how it would have assisted him in proving his claims, or how he was prejudiced in responding to the summary judgment motion. In the absence of prejudice, the district court did not abuse its discretion in denying the discovery. See Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). The affidavits of Supinger, Wood and Sampont were based on personal knowledge so the failure to rule on Van Dyke's motion to strike did not preclude the entry of summary judgment. See Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir.1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3