141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John B. NELSON, Plaintiff-Appellant,
v.
CLARK COUNTY SCHOOL DISTRICT; Edward Goldman, individually,
Defendants-Appellees.
 No. 96-17217.
D.C. No. CV-95-00105-HDM.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1997**
Decided March 26, 1998.
 
 Appeal from the United States District Court for the District of Nevada, Howard D. McKibben, District Judge, Presiding.
 Before BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Nelson, a former Clark County teacher, brought a 42 U.S.C. § 1983 action against the School District and Edward Goldman, its Assistant Superintendent, alleging they violated his due process rights by not allowing him to review his personnel and application files. He appeals the district court's grant of summary judgment in favor of the defendants.
 
 I.
 
 3
 Nelson's contention that he has a property interest in his personnel and application files may have been true while he was employed with the school district and 60 days thereafter, see Nevada Revised Statutes 613.075(2); Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993) (§ 1983 claims are examined by reference to underlying state statutes and regulations, for "[t]he Due Process Clause does not create substantive rights in property; the property rights are defined by reference to state law"). Nelson has no property interest in his personnel file, however, four years after his employment. See Bishop v. Wood, 426 U.S. 341, 344-47, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (where government has complete discretion to grant benefit or not, no property interest is created). Further, Nelson expressly waived his right to view his file when he applied to be re-hired.
 
 II.
 
 4
 Nelson's contention that he was deprived of a constitutionally protected liberty interest when he was denied an opportunity to review and rebut the information in his personnel and application files[1] does not meet the due process test for deprivation of a liberty interest. First, Nelson is not a government employee, nor was he dismissed by the government. Rather, he is an applicant for employment who previously resigned from the government position for which he is now applying. Thus, he has no liberty interest in rebutting the information in his personnel file. See Loehr v. Ventura County Comm. College Dist., 743 F.2d 1310, 1317 (9th Cir.1984) (public employees have the right not to be fired with stigmatizing or defaming information publicly disseminated about them without an opportunity to clear their name). Even if Nelson qualified as a public employee, he has not shown that the stigmatization rises to a level of personal defamation and is so burdensome "that he is not able to take advantage of other employment opportunities," Bollow v. Federal Reserve Bank, 650 F.2d 1093, 1101 (9th Cir.1991); nor was the information in his files publicly disclosed, see Hayes v. Phoenix-Talent School Dist., 893 F.2d 235, 237 (9th Cir.1990) (where no public dissemination, no liberty deprivation).
 
 III.
 
 5
 Nelson's argument that the district's refusal to allow inspection of his application or personnel file constituted a school district policy or custom fails because Nelson suffered no due process violation.
 
 IV.
 
 6
 Nelson's challenge to the district court's determination that Assistant Superintendent Goldman is entitled to qualified immunity also fails. State and local officials, such as Goldman, who perform executive and administrative functions and are sued for monetary relief in their personal capacity may assert the defense of qualified immunity. See Wood v. Strickland, 420 U.S. 308, 321-22, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Qualified immunity shields an official from liability and suit. See Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). An official is entitled to qualified immunity unless he "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
 
 
 7
 Because Nelson did not have a liberty or property interest in his application or personnel file, Goldman did not violate any clearly established constitutional right of Nelson's when he denied Nelson's request to see and rebut any negative information in the files. Goldman is entitled to qualified immunity.
 
 V.
 
 8
 Because the result in this case was not obvious and Nelson's arguments were not wholly without merit, we cannot characterize this appeal as frivolous. See Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.1994). Accordingly, we deny Clark County's request for attorneys' fees.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Nelson waived his right to review the confidential information in his application file, we address only the issue of whether Nelson has a liberty interest in his personnel file