898 P.2d 43

127 Idaho 112

**Deborah BROWN, Plaintiff–Appellant,**

v.

**CALDWELL SCHOOL DISTRICT NO. 132, Defendant–Respondent.**

No. 20856.

Supreme Court of Idaho,
Boise, January 1995 Term.

June 21, 1995.

Stoel, Rives, Boley, Jones & Grey, Boise, for appellant. Kathleen P. Brooks, argued.

Quane Smith Howard & Hull, Boise, for respondent. Brian K. Julian, argued.

TROUT, Justice.

The action giving rise to this appeal was initiated by the appellant, Deborah Brown, following a decision by the Caldwell School District (the District) not to reemploy her for the 1991–92 school year.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

Brown was employed by the District during the 1990–91 school year as a fifth grade teacher at its Washington School. This was her first year of teaching. She was hired by the District shortly before school started in September of 1990, and did not actually sign a formal contract of employment until the middle of that month.

On October 8, 1990, the principal of Washington School, Dennis Keogh, evaluated Brown's performance. Although some areas were identified as needing improvement, her overall performance was rated as "satisfactory." On December 11, 1990, assistant superintendent Tom Moore sent Brown a letter informing her that her name would appear on a tentative 1991–92 roster, filling a position as fifth grade teacher at the District's Lincoln School. On December 21, Brown received a second letter from Moore along with a copy of the tentative roster on which her name appeared. The second letter stated that the roster was "tentative" only in the sense that some teachers listed might choose to retire or seek another position. Brown advised District personnel that she intended to remain with the District.

On February 6, 1991, Keogh conducted a second evaluation of Brown's performance. Although her performance was again labeled "satisfactory," her ratings on this evaluation were higher than those on the first. However, at a meeting of the District's board of trustees (the Board), Keogh recommended that Brown not be reemployed. The Board followed the recommendation and sent Brown a letter to that effect on May 22, 1991. This letter stated that the Board's decision was based on the "belief that the school district's interest would be best served by not continuing a contract relationship with you."

On May 30, 1991, Brown requested an informal review of the Board's decision pur-

suant to I.C. § 33–514. The review was held on June 4, 1991, but no specific substantive reasons for the Board's decision were revealed to Brown. On June 17, the Board reaffirmed its decision not to reemploy Brown. Brown subsequently brought this action alleging that the District had violated I.C. § 33–514, breached an alleged employment contract for the 1991–92 school year, and breached the implied covenant of good faith and fair dealing. The District made a motion for summary judgment which was granted by the district court. In ruling on the motion, the district court concluded, as a matter of law, that I.C. § 33–514 was not violated, that no contract was formed relating to Brown's employment during the 1991–92 school year, and that the District did not breach the covenant of good faith and fair dealing.

## II.

### COMPLIANCE WITH I.C. § 33–514

There are two categories of public school teachers in Idaho: those with "renewable contract" status and those with "annual contract" status. Renewable contract teachers are those who have served three or more consecutive years in the same school district and who are entitled to "automatic renewal" of their employment contracts. I.C. § 33–515. Annual contract teachers are those who have served less than three years in the same district. This latter group of teachers is notified on an annual basis whether they will be reemployed for the ensuing year. I.C. § 33–514. Brown was an annual contract teacher who was not reemployed following her first year of teaching. On appeal she argues that the District violated I.C. § 33–514 for two separate reasons.

### A. Whether Brown's Performance was "Unsatisfactory" Within the Meaning of I.C. § 33–514

■ Section 33–514 of the Idaho Code requires a school district which elects not to

reemploy an annual contract teacher on the basis of unsatisfactory performance to first place that teacher on probation.[1] *Gunter v. Board of Trustees, Pocatello Sch. Dist. No. 25,* 123 Idaho 910, 854 P.2d 253 (1993). Brown argues that although her work was formally evaluated as "satisfactory," the decision not to reemploy her was actually based on the fact that the District found her performance unsatisfactory. Therefore, Brown contends she should have been placed on probation. The district court granted the District's motion for summary judgment on this issue, finding the record "devoid of any evidence that [Brown's] work was unsatisfactory."

■ When considering an appeal from the granting of a motion for summary judgment, this Court's standard of review is the same as that used by the district court in passing on the motion. *Curtis v. Firth,* 123 Idaho 598, 610, 850 P.2d 749, 761 (1993). This standard requires the district court, and this Court on appeal, to construe liberally the facts in favor of the non-moving party and determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Anderson v. City of Pocatello,* 112 Idaho 176, 179, 731 P.2d 171, 174 (1987).

■ We, like the district court, do not interpret I.C. § 33–514 to require probation every time an annual contract teacher is not reemployed. There are circumstances unrelated to performance deficiencies which would allow a school board to make a decision not to reemploy without implicating the statutory probation requirement. However, contrary to the district court's conclusion, there is evidence in the record, apart from the mere fact that she was not reemployed, from which reasonable minds might conclude that Brown was not reemployed because the District found her performance unsatisfactory.

---

1. Idaho Code § 33–514 provides in relevant part: When any [annual contract teacher's] work is found to be unsatisfactory a reasonable period of probation shall be established by the board after which action shall be taken by the board

as to whether the employee is to be retained, immediately discharged, discharged upon termination of the current contract or reemployed at the end of the contract term under a continued probationary status.

The Board relies primarily on its principals' recommendations in determining whether to reemploy annual contract teachers. In this case, principal Keogh testified that current performance is one of the criteria on which he bases his recommendations. There is evidence that Keogh had concerns about Brown's communication skills. Further, in making his recommendation to the Board, Keogh stated that although Brown's work was "satisfactory," he felt that he could hire someone better. He also told the Board that he would not want his own children in her class.

■ The District argues that the fact it believed it could hire someone better than Brown does not necessarily mean that Brown's work was unsatisfactory. We agree. However, if a performance deficiency in a teacher is such that it affects whether he or she will be reemployed, I.C. § 33–514 requires that that teacher be placed on probation. Reasonable minds could conclude that there is *something* wrong with a teacher's performance when she is not reemployed due to the possibility of employing a better teacher. This deficiency appears more serious when a principal has identified performance-related concerns and has even stated that he would not want his own children to be taught by that teacher. We hold that this evidence is sufficient at least to raise a factual question as to whether the District's decision was based on deficient or unsatisfactory performance.[2] Therefore, the order of the district court granting summary judgment on this issue is reversed.

2. The District has argued that the satisfactory marks on Brown's formal evaluations are conclusive as to her level of performance; therefore, its decision not to reemploy her could not have been based on unsatisfactory performance. This position is untenable. Although I.C. § 33–514 contemplates the use of formal performance evaluations, whether a teacher is not reemployed due to unsatisfactory performance is a question that cannot be answered solely by reference to those evaluations. In other words, a school district cannot simply raise evaluations marked "satisfactory" as a shield to further inquiry into a decision not to reemploy a teacher. Where, as here, evidence is produced raising questions as to whether such a decision was *in fact* based on deficient performance, summary judgment is in-

## B. Whether the Statement of Reasons Provided by the District for its Decision not to Reemploy Brown was Insufficient

■ Section 33–514 of the Idaho Code also provides that:

each [annual contract teacher] shall be given notice, in writing, whether he or she will be reemployed for the next ensuing year.... If the board of trustees has decided not to reemploy the certificated employee, then the notice must contain a statement of reasons for such decision and the employee shall, upon request, be given the opportunity for an informal review of such decision by the board of trustees.[3]

■ Brown contends that § 33–514 requires an accurate statement providing specific reasons for a decision not to reemploy. According to Brown, the statement's purpose is to pinpoint the problem leading to the adverse decision and to enable a teacher to respond to the charge. In this case, the District sent Brown a letter stating that its decision not to reemploy her "was based on the Board's belief that the school district's interest would be best served by not continuing a contract relationship with you." Since this "reason" was meaningless, Brown contends that the District violated § 33–514. The district court, on the other hand, concluded that the statement's purpose is simply to allow the teacher to make an informed decision about whether to request an informal review. According to the district court, the question of the adequacy of a statement of reasons loses all importance where review is actually sought.

appropriate notwithstanding the existence of satisfactory evaluations.

3. Although the requirement of notice with regard to renewable contract teachers is a means of providing procedural due process, *Ferguson v. Board of Trustees*, 98 Idaho 359, 564 P.2d 971 (1977), non-tenured teachers have not been found to have a "property" interest in continued employment. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Loebeck v. Idaho State Bd. of Educ.*, 96 Idaho 459, 530 P.2d 1149 (1975). Thus, Brown was not entitled to procedural due process and the analysis in this case is confined to an application of I.C. § 33–514.

A statute should be construed so that effect is given to all its provisions, so that no part will be rendered superfluous or insignificant. *Norton v. Department of Employment,* 94 Idaho 924, 928, 500 P.2d 825, 829 (1972) (citations omitted). Further, we do not presume that the legislature performed an idle act by enacting a meaningless provision. *Sweitzer v. Dean,* 118 Idaho 568, 572, 798 P.2d 27, 31 (1990) (citations omitted). Applying these rules of construction to I.C. § 33–514, it appears that the requirement of a statement of reasons was included to provide a teacher with the means to develop a meaningful response to an adverse decision by a board of trustees. It is clear that a teacher cannot dispute the reasons for an adverse decision when that teacher is not given notice of what those reasons are. In this scenario, the informal review expressly provided for by statute becomes a meaningless exercise.

We hold, as a matter of law, that the statement of reasons provided by the Board in this case was in violation I.C. § 33–514. The Board essentially informed Brown that its decision was based on the belief that the District would be better off without her. However, it failed to supply any reason *why* it believed the District would be better off. As the district court found, the statement "does not really convey any real information as to why Brown's contract was not renewed." Thus, Brown was given no meaningful opportunity to show why the decision was incorrect. Accordingly, the order of the district court granting summary judgment on this issue is reversed and the cause remanded.

### III.

### WHETHER AN EMPLOYMENT CONTRACT WAS FORMED BETWEEN THE DISTRICT AND BROWN FOR THE 1991–92 SCHOOL YEAR

In December of 1990, assistant superintendent Moore informed Brown that her name appeared on the tentative 1991–92 roster for Lincoln School and that the roster was "tentative" only in the sense that some of the teachers listed might retire or seek a different position. Brown claims that these communications gave rise to an employment contract for the 1991–92 school year and that the District's decision not to reemploy her was, therefore, a breach of contract. The district court disagreed and granted the District's motion for summary judgment on this issue.

The communications which Brown claims gave rise to an employment contract were not made by the Board, but by assistant superintendent Moore. Accordingly, it is necessary to determine at the outset whether Moore had any type of authority to enter into an employment contract on behalf of the Board. The burden of establishing an agency relationship is on the party asserting it. *Transamerica Leasing Corp. v. Van's Realty Co., Inc.,* 91 Idaho 510, 427 P.2d 284 (1967). Since Brown has pointed to no evidence of express or implied authority in the record, the question becomes whether Moore had apparent authority. We conclude that he did not.

Apparent authority is created when a principal voluntarily places an agent in such a position that a reasonable person, conversant with the business usages and nature of the particular business, is justified in believing that the agent is acting pursuant to existing authority. *Clark v. Gneiting,* 95 Idaho 10, 12, 501 P.2d 278, 280 (1972). Certainly the communications from Moore imply that he was authorized to speak on behalf of the Board and that the District intended to reemploy Brown. However, apparent authority cannot be created by the acts or statements of the alleged agent alone. *E.g., Idaho Title Co. v. American States Ins. Co.,* 96 Idaho 465, 468, 531 P.2d 227, 230 (1975). During the 1990–91 school year, Brown worked for a time before a formal employment contract was executed. This ratification of an informal employment agreement is an action by the Board which could give rise to a belief that District administrators are authorized to enter into informal employment contracts. The issue is whether such a belief is reasonable.

Section 33–513 of the Idaho Code sets out a detailed procedure to be followed when a school district seeks to employ professional

personnel.[4] Since Brown can be fairly charged with knowledge of this provision, *Powers v. Canyon County,* 108 Idaho 967, 703 P.2d 1342 (1985), any belief on her part that Moore could contract with her outside of the statutory procedure was unjustified. Thus, Moore lacked apparent authority to enter into a binding contract on behalf of the Board.

Brown also contends that the District is bound by operation of the doctrine of promissory estoppel. This doctrine is grounded on the concept of justifiable reliance on the part of a promisee. *Smith v. Boise Kenworth Sales, Inc.,* 102 Idaho 63, 67–68, 625 P.2d 417, 421–22 (1981). Not only did Moore lack authority to make a promise of continued employment on behalf of the District, Brown's reliance on such a promise is unjustified in light of I.C. § 33–513. Thus, the doctrine of promissory estoppel is inapplicable. The order of the district court granting summary judgment on the issue of the formation of an employment contract is, therefore, affirmed.

## IV.

### WHETHER THE DISTRICT BREACHED THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

In *Metcalf v. Intermountain Gas Co.,* 116 Idaho 622, 778 P.2d 744 (1989), we adopted an implied-in-law covenant of good faith and fair dealing as part of every employment contract. As Brown correctly asserts, the statutory requirements detailed in I.C. § 33–514 became part of her contract with the District for the 1990–91 school year. *See, e.g., Robinson v. Joint Sch. Dist. No. 150,* 100 Idaho 263, 265, 596 P.2d 436, 438 (1979) (extant law is written into and made part of every contract). Therefore, she contends that because the District deprived her of the benefit of these statutory/contractual rights, it breached the implied covenant of good faith and fair dealing.

Although the requirements of I.C. § 33–514 technically became part of her employment contract, Brown has not alleged any act in violation of the implied covenant in addition to the statutory violations enumerated above. Any relief to which Brown is entitled for a violation of the statutory procedure is provided directly by the statute itself, and no additional remedy is provided by the implied covenant of good faith and fair dealing. Accordingly, the order of the district court granting summary judgment on this issue is affirmed.

## V.

### CONCLUSION

The district court's determinations relating to the existence of an employment contract and a breach of the implied covenant of good faith and fair dealing are hereby affirmed. The granting of summary judgment was improper on the issue of the District's compliance with I.C. § 33–514 and that decision is, therefore, reversed and remanded for further proceedings consistent with this opinion. No

---

4. Idaho Code § 33–513 provides in relevant part:

**Professional personnel.**—The board of trustees of each school district ... shall have the following powers and duties:
1. To employ professional personnel, on written contract in form approved by the state superintendent of public instruction.... Should the board of trustees fail to enter into [a] written contract for the employment of any such person, the state superintendent of public instruction shall withhold ensuing apportionments until such written contract be entered into. When the board of trustees has delivered a proposed contract for the next ensuing year to any such person, such person shall have a period of time to be determined by the board of trustees in its discretion, but in no event less than ten (10) days from the date the contract is delivered, in which to sign the contract and return it to the board. Delivery of a contract may be made only in person or by certified mail, return receipt requested. When delivery is made in person, delivery of the contract must be acknowledged by a signed receipt. When delivery is made by certified mail, delivery must be acknowledged by the return of the certified mail receipt from the person to whom the contract was sent. Should the person willfully refuse to acknowledge receipt of the contract or the contract is not signed and returned to the board in the designated period of time, the board may declare the position vacant.

attorney fees are awarded on appeal. Costs to appellant.

McDEVITT, C.J., JOHNSON, SILAK, JJ., and TRANSTRUM, J. Pro Tem., concur.