979 P.2d 1149

Paul KINGSBURY, Plaintiff–Appellant,

v.

GENESEE SCHOOL DISTRICT NO. 282, Defendant–Respondent.

No. 24647.

Supreme Court of Idaho, Boise, February 1999 Term.

May 11, 1999.

John E. Rumel, Boise, for appellant.

Anderson, Julian & Hull, LLP, Boise, for respondent. Brian K. Julian argued.

SILAK, Justice.

This is an appeal by an annual contract teacher from a grant of summary judgment in favor of a school district which elected not to renew the teacher's contract pursuant to section 33–514 of the Idaho Code. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

#### A. Facts

Appellant Paul Kingsbury (Kingsbury) was first hired by respondent Genesee School District No. 282 (School District) as an annual contract Vocational–Agriculture teacher for the 1993–1994 school year. During his first year of employment, Kingsbury was given a satisfactory performance evaluation. Kingsbury accepted an offer of a second annual contract with the School District for the 1994–1995 school year, and was again given a satisfactory performance evaluation. Kingsbury was then offered a third annual contract for the 1995–1996 school year.

On November 8, 14 and 21, 1995, Kingsbury's supervisor, Principal William LaMunyan (LaMunyan) observed Kingsbury's class for fifteen minutes on each day. These observations were documented and listed several job performance areas of concern.

On December 1, 1995, LaMunyan met with Kingsbury to discuss the evaluation and his review of Kingsbury's performance. During the meeting, Kingsbury was given a letter identifying six areas of concern. On December 4, 1995, LaMunyan again observed Kingsbury's classroom teaching, and again documented his findings in a report.

On December 12, 1995, Kingsbury was notified in writing that he had been placed on probation by the Board of Trustees, pursuant to I.C. § 33–514. The notice identified six reasons for probation: (1) not following prescribed District and/or State curriculum; (2) poor student productivity in his Agriculture Fabrication course; (3) inconsistent discipline; (4) lack of lesson plans; (5) lack of attendance at faculty meetings; and (6) professional duty assignments not carried out in a professional manner. The notice stated that Kingsbury's probation would begin on December 12, 1995, and would continue until the Board made a decision to renew, or provide notice of possible non-renewal of his contract.

On April 15, 1996, the School District sent Kingsbury a "notice of decision not to re-employ." The notice stated that although. Kingsbury's job performance had improved somewhat in the areas of concern listed in the December 12, 1995 notice, the improvement had not been to the level required.

On May 1, 1996, the School District conducted an informal review of its decision not to renew Kingsbury's teaching contract. On May 7, 1996, the Board issued written findings of fact and conclusions of law affirming its decision not to renew Kingsbury's contract.

## B. Procedural Background

In January 1997, Kingsbury filed a complaint against the School District seeking relief under five separate claims for relief. Kingsbury's first claim alleged violations of I.C. § 33–514; the second claim alleged violations of I.C. § 33–518; the third claim alleged that the School District's violations of I.C. § 33–514 and § 33–518 also breached Kingsbury's Teacher's Standard Contract; the fourth claim sought recovery under a breach of contract theory alleging that the School District had breached the GEA—School District Procedural and Negotiations Agreement and the Teacher's Standard Contract by failing to conduct pre-observation conferences and for failing to use the proper evaluation forms; and the fifth claim alleged wrongful discharge for non-renewal in violation of public policy.

In November 1997, the School District moved for summary judgment seeking dismissal of all claims. In February 1998, the district court entered its Order Granting Summary Judgment in Part and Denying Summary Judgment in Part. The district court granted the School District's motion with respect to Kingsbury's first claim for relief, ruling that as a matter of law, under I.C. § 33–514, once an annual contract teacher is placed on probation, a school district has the option not to renew the teacher's contract irrespective of whether the teacher complied with the terms of probation. The court found that Kingsbury had voluntarily dismissed his second claim for relief based upon I.C. § 33–518. The court granted the motion with respect to Kingsbury's third claim for relief, ruling that no genuine issue of material fact existed relating to the breach of contract claim based upon the incorporation of I.C. §§ 33–514 and 33–518 into the employment contract. With respect to Kingsbury's fourth and fifth claims for relief, the court found that there were genuine issues of material fact and thus denied School District's motion on these issues.

In March 1998, the parties entered into a Stipulation for Judgment and Dismissal whereby they agreed to dismiss Kingsbury's fifth claim, the wrongful discharge claim, with prejudice. With respect to Kingsbury's fourth claim, the School District stipulated and agreed that it breached the terms of the Master Agreement, and Kingsbury stipulated and agreed that he incurred no damage as a result of the breach. The parties further agreed that the Stipulation resolved all undecided issues and that they would not appeal any issue resolved by the Stipulation. Finally, the parties agreed that Kingsbury could elect to appeal that portion of the Judgment memorializing the Order Granting Summary Judgment in Part to the School District. A

judgment was entered on March 9, 1998. Kingsbury appeals.

## II.

### ISSUES ON APPEAL

1. Whether the district court erred in determining that, where Kingsbury successfully completed the terms and conditions of probation imposed upon him by the School District or, at a minimum, raised a genuine issue of material fact concerning that issue, the School District was not obligated to renew Kingsbury's teaching contract for the next school year under I.C. § 33–514.

2. Under the circumstances set forth in issue no. 1 above, and where the requirements of Idaho statutory law were expressly made part of Kingsbury's Teacher's Standard Contract with the School District, whether the district court erred in holding that the School District's failure to renew Kingsbury's teaching contract likewise did not constitute a breach of contract.

## III.

### ANALYSIS

#### A. Standard Of Review

It is well established that on appeal from an order granting summary judgment, the standard of review is the same standard used by the district court in ruling on the summary judgment motion. *Avila v. Wahlquist,* 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Thomson v. Idaho Ins. Agency, Inc.,* 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994). On review of summary judgment, all disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Avila,* 126 Idaho at 747, 890 P.2d at 333; *Thomson,* 126 Idaho at 529, 887 P.2d at 1036. Summary judgment is appropriate if "the pleadings, depositions,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

#### B. The District Court Correctly Ruled That The School District Was Not Obligated To Renew Kingsbury's Teaching Contract For The Next School Year Pursuant To I.C. § 33–514.

Kingsbury argues that, once an annual contract teacher is placed on probation by a school district and successfully completes the terms and conditions of that probation, he or she must be offered a contract by the school district for the next year pursuant to I.C. § 33–514. Kingsbury claims that, at a minimum, he has raised a genuine issue of material fact as to whether he successfully completed the terms and conditions of his probation, and therefore, summary judgment was inappropriate.

We find Kingsbury's arguments to be without merit. In its order granting summary judgment in part, and denying summary judgment in part, the district court ruled:

The Court finds that as a matter of law, under Idaho Code section 33–514, once an annual contract teacher is placed on probation, a school district has the option not to renew that teacher's contract irrespective of whether the teacher complied with the terms of probation. Thus, this court finds that there is no genuine issue of material fact before the court as to plaintiff's claim for relief based upon Idaho Code, section 33–514.[1]

We agree with the district court for two reasons. First, the factual question of whether Kingsbury successfully completed his probation is irrelevant because the disposition of this case depends solely on statutory interpretation, a legal question. Second, the language of I.C. § 33–514 clearly does not obligate the School District to renew Kings-

1. We note that the district court made no factual findings with respect to whether Kingsbury successfully completed the terms and conditions of

his probation, but rather made its ruling strictly based on the legal issue of the interpretation of I.C. § 33–514.

bury's teaching contract under the circumstances of this case.

Idaho statutes create two categories of public school teachers, "those with 'renewable contract' status and those with 'annual contract' status." *Brown v. Caldwell Sch. Dist. No. 132,* 127 Idaho 112, 115, 898 P.2d 43, 46 (1995). Pursuant to I.C. § 33–515, a renewable contract teacher is one who has served three or more consecutive years in the same school district. These teachers are entitled to "automatic renewal" of their employment contracts. After a teacher has achieved renewable contract status, the school district board of trustees' discretion not to renew the contract is limited, *i.e.,* there must be "just and reasonable cause" present if the school district elects not to renew the teacher's contract. I.C. § 33–513. In contrast, pursuant to I.C. § 33–514, an annual contract teacher, such as Kingsbury, is one who has served fewer than three years in the same school district. "An annual contract teacher does not have any expectation of continued employment, since the contract is annual and non-renewable in nature." *Smith v. Meridian Joint Sch. Dist. No. 2,* 128 Idaho 714, 720, 918 P.2d 583, 589 (1996).

Idaho Code section 33–514 provides, in pertinent part:

The board of trustees shall establish criteria and procedures for the supervision and evaluation of certificated employees who are not employed on a renewable contract, as provided for in section 33–515, Idaho Code....When any such employee's work is found to be unsatisfactory a reasonable period of probation shall be established by the board after which action shall be taken by the board as to whether the employee is to be retained, immediately discharged, discharged upon termination of the current contract or reemployed at the end of the contract term under a continued probationary status....In all instances, the employee shall be duly notified in writing of the areas of work which are deficient, including the conditions of probation. Through the third year of continuous employment by the same school district, ... each such certificated employee shall be given notice, in writing, whether he or she will be reemployed for the next ensuing year.... If the board of trustees has decided not to reemploy the certificated employee, then the notice must contain a statement of reasons for such decision and the employee shall, upon request, be given the opportunity for an informal review of such decision by the board of trustees. *Id.*

■ Kingsbury argues that I.C. § 33–514 mandates a school district to renew an annual contract teacher's employment contract if that teacher satisfies the conditions of his or her probation. Upon review of the express language of the statute, it is clear that the statute requires no such action by a school district. The only requirement set forth by I.C. § 33–514 regarding probation is that if an employee's work is unsatisfactory, he or she must be placed on probation for a reasonable period of time before the employee can be terminated. Once the period of probation has ended, the school district has four options under the plain language of the statute. The school district may: 1) retain the employee; 2) immediately discharge the employee; 3) discharge the employee upon termination of the current contract; or 4) reemploy the teacher at the end of the contract term under a continued probationary status. I.C. § 33–514.

In the present case, the School District chose the third option and elected to discharge Kingsbury at the end of the contract year. If the Court were to follow Kingsbury's interpretation of the statute, two of the options would be eliminated: the School District's right to immediately discharge the employee and to discharge the employee upon termination of the current contract. Kingsbury's interpretation would render those portions of the statute meaningless and would violate general rules of statutory construction. Kingsbury's interpretation would also eliminate the distinction between teachers who have renewable contract status and those with annual contract status. As the School District asserts, if the Board of Trustees lacks discretion not to reemploy an annual contract teacher if that teacher has successfully completed probation, then the teacher has essentially gained renewable con-

tract status via probation. This could effectively amount to rewarding a teacher for an unsatisfactory performance, an outcome the legislature surely did not intend.

Although this Court has not addressed the precise issue before it in this case, it has addressed the connection between the probation requirement set forth in I.C. § 33–514 and a school district's discretion not to reemploy an annual contract teacher at the end of the contract term. In *Gunter v. Board of Trustees*, 123 Idaho 910, 854 P.2d 253 (1993), the Court noted that under the former I.C. § 33–513(6), the legislature did not intend for probation to be a prerequisite to the nonrenewal of an annual contract teacher's contract. However, the Court found that with the amendment of I.C. § 33–514, the legislature did intend for there to be a link between the two:

> Whereas the Court of Appeals in *Knudson* found that under the former I.C. § 33–513(6), "the legislature did not intend to forge a direct link between probation during the school year and the decision by a school board whether to issue a contract for the next year," we now find that the legislature forged such a link by virtue of its amendment of this section in I.C. § 33–514. The plain and unambiguous language of Section 33–514 now provides that an annual contract teacher *shall* be placed on probation for unsatisfactory performance *after which* the school board *shall* retain the teacher, immediately discharge the teacher, discharge the teacher upon termination of the current contract, or reemploy the teacher at the end of the contract term under continued probationary status.

*Gunter*, 123 Idaho at 914, 854 P.2d at 257 (quoting *Knudson v. Boundary County Sch. Dist. No. 101*, 104 Idaho 93, 99, 656 P.2d 753, 759 (Ct.App.1982)). The Court held that only after placing Gunter on probation could the school district elect not to renew her contract for the next school year. *Id.* In affirming the district court's grant of summary judgment in favor of Gunter, the Court held:

> Based on the foregoing, we find that as a matter of law, Gunter's contract was not renewed because the District determined she performed her work in an unsatisfactory fashion. The trial court properly ruled

that the District was required to place Gunter on a reasonable period of probation *after which action could be taken by the District, including not renewing her contract.*

*Id.* at 916, 854 P.2d at 259 (emphasis added). Thus, the Court ruled that the school district could elect not to renew the teacher's contract after the period of probation, which is precisely what the School District did in the present case, even though Kingsbury's performance had partially improved.

Another case which demonstrates that a school district may choose not to reemploy an annual contract teacher is *Brown v. Caldwell Sch. Dist. No. 132*, 127 Idaho 112, 898 P.2d 43 (1995). In that case, the Court recognized that a school district could elect not to reemploy an annual contract teacher without providing probation if the reason for the decision not to reemploy was for something other than an unsatisfactory performance by the teacher:

> We, like the district court, do not interpret I.C. § 33–514 to require probation every time an annual contract teacher is not reemployed. There are circumstances unrelated to performance deficiencies which would allow a school board to make a decision not to reemploy without implicating the statutory probation requirement.

*Brown*, 127 Idaho at 115, 898 P.2d at 46. Thus, even if Kingsbury's job performance had been outstanding, if the School District had some other reason for not renewing his contract, then the School District certainly had the discretion not to renew it under I.C. § 33–514.

We therefore affirm the district court's grant of summary judgment in favor of the School District.

**B. Kingsbury Has Improperly Raised The Issue Whether The District Court Erred In Holding That The School District's Failure To Renew Kingsbury's Teaching Contract Did Not Constitute A Breach Of Contract And Will Therefore Not Be Addressed.**

■ We hold that Kingsbury has improperly raised the issue whether the district court erred in holding that the School Dis-

trict's failure to renew Kingsbury's teaching contract did not constitute a breach of contract where the requirements of Idaho statutory law were expressly made part of Kingsbury's Teacher's Standard Contract with the School District. We will therefore not address its merits. Although the district court did grant summary judgment in favor of the School District on this issue, in the Stipulation entered into by Kingsbury and the School District, the School District admitted that it breached the Teacher's Standard Contract with respect to its evaluation of Kingsbury and Kingsbury admitted that he incurred no damage as a result of the breach. The Stipulation also stated that all undecided issues were resolved by the Stipulation and that the parties agreed not to appeal or contest any issue resolved by the Stipulation. Thus, Kingsbury was not entitled to appeal this issue.

## IV.

### CONCLUSION

We hold that the district court correctly ruled that the School District was not obligated to renew Kingsbury's teaching contract for the next school year pursuant to I.C. § 33–514. The only requirement set forth by that code section is that an annual contract teacher be placed on probation for unsatisfactory performance for a reasonable period before being terminated. The School District complied with the terms of the statute.

We further hold that Kingsbury was not entitled to appeal the issue whether the district court erred in holding that the School District's failure to renew Kingsbury's teaching contract did not constitute a breach of contract.

Accordingly, the district court's grant of summary judgment in favor of the School District is affirmed.

No attorney fees on appeal. Costs on appeal to respondent.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem McDERMOTT, CONCUR.